# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| TYRONE STAFFORD | § | |
| | § | |
| V. | § | A-18-CV-757-LY |
| | § | |
| STEVE ADLER, et al. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court is Tyrone Stafford's Application to Proceed *In Forma Pauperis* (Dkt. No. 1); and Application for Appointment of Counsel (Dkt. No. 3). The District Court referred the above-motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Stafford's Application to Proceed *In Forma Pauperis*, the Court finds that he is indigent. Stafford is homeless, suffers from "mental issues" per his Complaint, and lives with his mother in Killeen, Texas. Accordingly, the Court **HEREBY GRANTS** Stafford *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Stafford is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a review of the claims made in Stafford's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendants.

## II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

### A. Standard of Review

Because Stafford has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does

not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Stafford is suing Steve Adler, Gregg Abbott, Spencer Cronk, Rey Arellano, Ora Houston, Delia Garza, Sabino Renteria, Gregorio Casar, Ann Kitchen, Jimmy Flannigan, Leslie Pool, Ellen Troxclair, Kathie Tovo, and Allison Alter. Steve Adler is the mayor of Austin, Texas. Gregg Abbott is the governor of the State of Texas. The remaining Defendants comprise the membership of the Austin City Council. Stafford complains that Defendants violated his rights pursuant to 42 U.S.C. § 1983.[1] He asserts that "Each defendant is allowing police officers and judges to target people on my side of Austin '78702' through terrorist tactics 'gentrification and segregation.'" Dkt. No. 1 at 4. Stafford requests two hundred million dollars is damages.

Texas Governor Greg Abbott is entitled to Eleventh Amendment immunity with respect to any claims brought against him in his official capacity. *See Kemppainen v. Texas*, No. 2-11-CV-0071-J, 2011 WL 2181850 at *3 (N.D. Tex. May 26, 2011) (citing cases), rec. adopted, 2011 WL 2183282 (N.D. Tex, Jun. 3, 2011). To the extent Stafford sues Abbott in his individual capacity, he alleges no facts in his complaint that give rise to individual liability.

Stafford also brings civil rights claims against Austin mayor Steve Adler and the membership of the Austin city council. Stafford fails to plead whether he is suing the city officials in their official or individual capacities. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165

---

[1] Stafford suit lists various other statutes which he contends Defendants violated, including the Americans with Disabilities Act and various criminal statutes, but he wholly fails to state any factual basis for a claim pursuant to these statutes.

(1985). In this case, Stafford's claims against the city council defendants in their official capacity are in effect claims against the City of Austin, because "the real party in interest" is the City. *Id.* at 166.

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and the laws.' " *Baker v. McCollan*, 443 U.S. 137, 140 (1979); *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (5th Cir.1994). "By its terms, of course, the statute creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). Even after the plaintiff has established a deprivation of a constitutional right, he must still show that the defendant was the "person" who caused the plaintiff's deprivation. *Id.*

Stafford alleges his Fourth Amendment rights were violated by Defendants. The Fourth Amendment protects an individual from "unreasonable searches and seizures." U.S. CONST. AMEND. IV. Stafford fails to plead exactly how his Fourth Amendment rights were violated; instead he vaguely complains about gentrification and segregation. Stafford has failed to identify a specific violation of his Fourth Amendment rights sufficient to state a cause of action against the City of Austin and/or city officials in either their official or individual capacities.

Additionally, Stafford fails to identify how the individual Defendants acted to violate his civil rights. It is well established that "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.1983) (citing *Rizzo v. Goode*, 423

U.S. 362, 371–72, 377 (1976)). A state actor may be liable under § 1983 only if she "was personally involved in the acts causing the deprivation of [plaintiff's] constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (per curiam) (citation omitted). Stafford does not allege any personal involvement by any of the remaining defendants, and therefore cannot bring a claim against them.

Stafford has failed to allege the violation of a right secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). Therefore, Stafford has failed to state a claim for relief under § 1983 and his lawsuit should be dismissed under § 1915(e)(2)(B).

### III. RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Stafford *in forma pauperis* status. Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Stafford's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Because the undersigned recommends dismissal of Stafford's complaint as frivolous, the Court finds that Stafford's Application for Appointment of Counsel (Dkt. No. 3) should be **DENIED**.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 16th day of October, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE